UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BENNETT; and JAMES BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>CIELO HOMEOWNERS ASSOCIATION, INC.; THE JUDGE LAW FIRM—A LAW CORPORATION; JAMES JUDGE; DAVID MANGIKYAN; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 19-cv-2131-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiffs Pamela Bennett and James Bennett. (ECF No. 28).

**I.   BACKGROUND**

On November 6, 2019, Plaintiffs Pamela Bennett and James Bennett, proceeding *pro se*, filed a Complaint against Defendants Cielo Homeowner's Association, Inc. ("Cielo"), The Judge Law Firm ("TJLF"), TJLF attorney James Judge, TJLF attorney David Mangikyan, and Does 1 through 10, inclusive. (ECF No. 1). On December 18, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). (ECF No. 9). Plaintiffs alleged claims

against Defendants for fraud and for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2)(A), (e)(10), and 1692f(1).

On January 6, 2020, Plaintiffs requested, and the Clerk of the Court entered, Defendants' default. (ECF Nos. 12-19).

On January 7, 2020, Defendants filed a Motion to Dismiss the FAC. (ECF No. 11). On January 8, 2020, Defendants filed a Motion to Set Aside Default. (ECF No. 20). On May 5, 2020, the Court issued an Order granting Defendants' Motion to Dismiss and Motion to Set Aside Default. (ECF No. 27). The Court determined that Plaintiff James Bennett failed to establish Article III standing under the FDCPA and that Plaintiffs failed to state facts sufficient to support a reasonable inference that Defendant Cielo is a debt collector under the FDCPA. The Court determined that "Plaintiffs fail[ed] to allege any conduct by Defendants that constitutes a violation of the FDCPA." (*Id.* at 17). The Court declined to exercise supplemental jurisdiction over the state law fraud claim. The Court dismissed the FAC without prejudice and with leave to file a motion for leave to amend.

On May 27, 2020, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (ECF No. 28). Plaintiffs contend that the proposed second amended complaint ("SAC") includes facts that are "more specific and supplemented with caselaw and statutes." (ECF No. 28 at 11). Plaintiffs contend that the proposed SAC includes "support" for James Bennett's standing by alleging that California's community property laws subject James Bennett to the state court judgment against Pamela Bennett, that James Bennett owned the property that was the subject of the state court litigation, and that Defendants' alleged actions caused marital strife. (*Id.* at 10; *see* Proposed SAC, ECF No. 28 ¶¶ 27, 31). Plaintiffs contend that the decisions of the Court of Appeals for the Ninth Circuit in *McAdory v. M.N.S. & Associates, LLC*, 952 F.3d 1089 (9th Cir. 2020), and *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994), "support Plaintiffs' [allegations] that [Defendant] Cielo is defined as a [d]ebt [c]ollector and is vicariously liable for [its] attorneys['] actions." (ECF No. 28 at 10) Plaintiffs contend that decision of the Court of Appeals for the Ninth Circuit in *Afewerki v. Anya Law Group*, 868 F.3d 771 (9th Cir. 2017),

"support[s] Plaintiffs' [allegations] that false statements made in the state court action state a FDCPA claim." (ECF No. 28 at 11).

On May 29, 2020, Plaintiff Pamela Bennett filed a Notice of Appeal to the Court of Appeals for the Ninth Circuit, seeking review of this Court's May 5, 2020, Order granting Defendants' Motion to Set Aside Default and Motion to Dismiss the FAC. (ECF No. 29).

On June 8, 2020, Defendants filed Oppositions to Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF Nos. 32, 33). Defendants TJLF, Judge, and Mangikyan contend that "there is no addition of fact [in the proposed SAC] that would provide Mr. Bennett standing to sue." (ECF No. 32 at 2). Defendants TJLF, Judge, and Mangikyan contend that Plaintiffs have not added any facts that indicate Defendants made any misrepresentation regarding the foreclosure cause of action. Defendants TJLF, Judge, and Mangikyan contend that Plaintiffs have not added any facts supporting their claims that Defendants misrepresented the amount of damages or that Cielo was required to obtain a formal resolution of its Board of Directors to authorize the second cause of action for damages. Defendants contend that this action violates the Rooker-Feldman doctrine and is an improper attempt to re-litigate the final judgment in the state court action. Defendant Cielo contends that amendment would be futile because the additional authorities cited by Plaintiffs in the proposed SAC fail to demonstrate that Defendant Cielo is a debt collector under the FDCPA.

On June 18, 2020, Plaintiffs filed a Reply in support of their Motion for Leave to File Second Amended Complaint. (ECF No. 35).

On June 25, 2020, the Court of Appeals for the Ninth Circuit issued an Order dismissing Pamela Bennett's appeal for lack of jurisdiction. (ECF No. 36). On July 17, 2020, the court of appeals issued its Mandate. (ECF No. 37).

I.  **LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

## II. RULING OF THE COURT

In the proposed SAC, Plaintiffs bring the same claims alleged in the FAC against Defendants for fraud and for violations of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), (e)(10), and 1692f(1), arising from Defendants' alleged attempt to collect HOA fees through a state court lawsuit that ended in a default judgment against Pamela Bennett. Plaintiffs' proposed SAC includes new facts and theories. Defendants' argument against granting leave to amend is that the proposed SAC fails to correct the deficiencies identified by the Court in its Order granting Defendants' Motion to Dismiss the FAC. However, "the sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of

Defendants' challenges to the merits of the proposed amended complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Defendants have not shown that they would be prejudiced by the amendment or made "a strong showing" that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis omitted). The Court finds that leave to amend should be granted pursuant to Rule 15(a).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 28) is granted. Plaintiffs shall file the proposed SAC attached as "Exhibit 2" to the Motion for Leave to File Second Amended Complaint within fifteen (15) days of the date of this Order.

Dated: August 27, 2020

Hon. William Q. Hayes
United States District Court