UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BENNETT; and JAMES BENNETT, | Case No.:  19-cv-2131-WQH-BLM |
| Plaintiffs, | **ORDER** |
| v. | |
| CIELO HOMEOWNERS ASSOCIATION, INC.; THE JUDGE LAW FIRM—A LAW CORPORATION; JAMES JUDGE; DAVID MANGIKYAN; and DOES 1-10 inclusive, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion for Findings (ECF No. 55), the Motion to Vacate Judgment (ECF No. 56), and the Motion to Exclude Evidence (ECF No. 57) filed by Plaintiffs Pamela Bennett and James Bennett.

## I.   BACKGROUND

On November 6, 2019, Plaintiffs Pamela Bennett and James Bennett, proceeding *pro se*, filed a Complaint against Defendants Cielo Homeowners Association, Inc. ("Cielo"), The Judge Law Firm ("TJLF"), TJLF attorney James Judge, TJLF attorney David Mangikyan, and Does 1 through 10. (ECF No. 1). On December 18, 2019, Plaintiffs filed

a First Amended Complaint ("FAC"), alleging claims against Defendants for fraud and for violations of the Fair Debt Collection Practices Act ("FDCPA"), arising from Defendants' alleged misrepresentations during a state court lawsuit that ended in a default judgment against Pamela Bennett. (ECF No. 9).

On May 5, 2020, the Court issued an Order granting Defendants' Motion to Dismiss the FAC. (ECF No. 27). The Court determined that "Plaintiffs fail[ed] to allege any conduct by Defendants that constitutes a violation of the FDCPA" and dismissed the FAC without prejudice. (*Id.* at 17).

On September 9, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"), bringing the same claims alleged in the FAC. (ECF No. 39).

On September 23, 2020, Defendants filed Motions to Dismiss the SAC. (ECF Nos. 40, 42). On October 23, 2020, Plaintiffs filed a Motion for Partial Summary Judgment. (ECF No. 45).

On January 25, 2021, the Court issued an Order granting Defendants' Motions to Dismiss the SAC and denying the Motion for Partial Summary Judgment as moot. (ECF No. 51). The Court stated:

> The viability of Plaintiffs' claims requires the Court to review the state court's grant of default judgment against Pamela Bennett. Considering Plaintiffs' allegations and exhibits, Plaintiffs fail to state facts that support an inference that this action is not a de facto appeal of the state court action, which the *Rooker-Feldman* doctrine precludes the federal court from revisiting. The Court concludes that Plaintiffs fail to meet their burden to establish that the Court has subject matter jurisdiction.

(*Id.* at 11). The Court further stated:

> Even if the *Rooker-Feldman* doctrine does not bar subject matter jurisdiction, Plaintiffs fail to state any claim upon which relief can be granted.
> . . .
> Plaintiffs fail to allege facts sufficient to support an inference that any Defendant is a debt collector subject to the FDCPA's requirements. *See Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 997 (9th Cir. 2020) ("[A]n entity that collects a debt owed *itself* . . . does not qualify" as a debt collector (quoting *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724

2

(2017)); *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (an attorney is a debt collector when the attorney "regularly, through litigation, tries to collect consumer debts" (emphasis omitted)), *as amended* (June 5, 1995).

(*Id.* at 11-12). The Court dismissed the SAC with prejudice, stating:

> The Court has concluded that it lacks subject matter jurisdiction over this action. In addition, Plaintiffs have failed to amend the Complaint to cure the deficiencies identified by the Court in its Order granting Defendants' Motion to Dismiss the FAC. After considering the record in this case, including three substantially similar versions of the Complaint, the Court finds that allowing further amendment would be futile.

(*Id.* at 12).

On February 11, 2021, Plaintiffs filed a Motion for Findings (ECF No. 55), a Motion to Vacate Judgment (ECF No. 56), and a Motion to Exclude Evidence (ECF No. 57). Plaintiffs move to vacate the January 25, 2021, Order dismissing the case with prejudice under Rules 59(e), 60(b)(4), and 60(b)(5) of the Federal Rules of Civil Procedure. Plaintiffs further move for factual findings under Rule 52(a) of the Federal Rules of Civil Procedure.

On March 5, 2021, Defendants TJLF, Judge, and Mangikyan filed an Opposition to Plaintiffs' Motions. (ECF No. 58). On March 7, 2021, Defendant Cielo filed an Opposition to Plaintiffs' Motions. (ECF No. 60). On March 16, 2021, Plaintiffs filed Replies. (ECF Nos. 61, 62).

## II.   MOTION TO VACATE JUDGMENT

Plaintiffs request that the Court "set aside dismissal" of the SAC under Rules 59(e), 60(b)(4), and 60(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 56 at 9). Plaintiffs contend that the "newly discovered" decision of the California Court of Appeal vacating the default judgment against Pamela Bennett "makes th[is] Court's *Rooker-Feldman* determination void." (*Id.*). Plaintiffs contend that this Court's conclusion that Plaintiffs fail to allege facts sufficient to support an inference that any Defendant is a debt collector "is void." (*Id.* at 19). Plaintiffs contend that the Declarations of James Bennett and David

Mangikyan demonstrate that TJLF, Judge, and Mangikyan are debt collectors, and Cielo is a "legislated debt collector." (*Id.*).

Defendants TJLF, Judge, and Mangikyan contend that the state court lawsuit has not reached finality, and the *Rooker-Feldman* doctrine applies. Defendants TJLF, Judge, and Mangikyan contend that the "[r]ecycled argument[s] as to the alleged status of defendants as debt collectors . . . have nothing to do with reopening this case, which has not been sought, or the existence of any legal factual basis for vacating a judgment of dismissal with prejudice." (ECF No. 58 at 2). Defendant Cielo contends that it is not a debt collector under the FDCPA.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion seeking to vacate an order dismissing a case with prejudice is properly brought under Rule 59(e). *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995) ("[O]ur precedents require that we treat a motion to vacate an order of dismissal as a Rule 59(e) motion."). "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 59(e) "offers an extraordinary remedy, to be used sparingly." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Rule 60(b) permits the court "[o]n motion and just terms" to relieve a party from a final judgment or court order. Fed. R. Civ. P. 60(b). The Court may grant relief under Rule 60(b) for reasons including the discovery of new evidence, the judgment is void, the judgment is based on an earlier judgment that has been reversed or vacated, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions for relief pursuant to Rule 60(b)

"are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). "[T]he Rule is used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

In this case, Plaintiffs base the Motion to Vacate Judgment on three documents: 1) the order of the California Court of Appeal filed on January 13, 2021, reversing the judgment against Pamela Bennett and remanding the case to the trial court with instructions to vacate the judgment, vacate the default, reinstate the answer, and set a new trial date. (Ex. A to Mot. to Vacate, ECF No. 56 at 23-38); 2) the Declaration of James Bennett in Support of Plaintiffs' Motion for Partial Summary Judgment dated October 22, 2020 (Ex. B to Mot. to Vacate, ECF No. 56 at 40-53); and 3) the Declaration of David Mangikyan in Support of Opposition to Plaintiffs' Motion for Partial Summary Judgment dated November 16, 2020 (Ex. C to Mot. to Vacate, ECF No. 56 at 113-17).[1] The documents presented by Plaintiffs existed and were available to Plaintiffs before the Court issued its Order dismissing the SAC with prejudice on January 25, 2021. The documents "could have been raised prior to the entry of judgment" and are not newly discovered. *Exxon Shipping*, 554 U.S. at 485 n.5.

In addition, the documents presented by Plaintiffs do not affect the Court's conclusion in the Order dismissing the SAC with prejudice that Plaintiffs fail to state any claim upon which relief can be granted, and amendment would be futile. In three substantially similar versions of the Complaint, Plaintiffs allege that Defendants made misrepresentations during a state court proceeding about the state court proceeding,

---

[1] Plaintiffs' request that the Court take judicial notice of the order of the California Court of Appeal is granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record, such as filings in related litigation). Plaintiffs' request that the Court take judicial notice of the Declaration of James Bennett and the Declaration of David Mangikyan is denied, because judicial notice of the requested documents is unnecessary for this Order. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

causing Pamela Bennett to decide not to appear for trial and resulting in an "inflated" default judgment award against her. (ECF No. 39 ¶ 25). Plaintiffs allege that Defendants made the following misrepresentations: 1) Defendants represented to James Bennett and the state court that Cielo would "abandon[ ]" the first cause of action for foreclosure, but then asked for and received a judgment on the foreclosure claim (*id.* ¶ 22); 2) Defendants falsely represented to James Bennett and the state court that the cause of action for damages for breach of covenant did not require Cielo's Board of Directors' approval and was authorized by Cielo's CC&Rs, leading the state court to award damages on a claim that was unlawful under Cielo's CC&Rs and California law; 3) Defendants swore under oath in the state court complaint that Cielo would "amend the [c]omplaint with full [d]amages," failed to amend the complaint in violation of California law, and received a judgment without the promised amendment (*id.* ¶ 24); and 4) Defendants submitted affidavits to the state court that "inflated princip[al] and interest amounts above that which calculatable by the complaint's allegation," resulting in an inflated judgment against Pamela Bennett (*id.* ¶ 25). Plaintiffs seek an injunction preventing Defendants from collecting the state court judgment, $181,307.35 in compensatory damages, "which is part of the amount Plaintiffs are liable," and discretionary statutory penalties. (*Id.* at 51).

The California Court of Appeal has reversed the judgment against Pamela Bennett. The case against Pamela Bennett is pending in state court. (*See* Cal. Ct. of Appeal Order, Ex. A to Mot. to Vacate, ECF No. 56 at 33, 37 (concluding that the trial court lacked jurisdiction to enter Pamela Bennett's default, and reversing and remanding with instructions to vacate the judgment, vacate the default, reinstate the answer, and set a new trial date)). Plaintiffs continue to fail to allege conduct that supports this Court's interference in the state court proceeding or constitutes a violation of the FDCPA. (*See generally* Order on Mot. to Dismiss FAC, ECF No. 27; Order on Mot. to Dismiss SAC, ECF No. 51). The Order dismissing the SAC with prejudice is not void, and Plaintiffs do not assert any intervening change in the controlling law. *See Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 876 (9th Cir. 2005) ("[A] final judgment is void for purposes of

Rule 60(b)(4) *only if* the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."), *amended* (Sept. 13, 2005). Plaintiffs have failed to demonstrate they are entitled to the extraordinary relief afforded by Rule 59(e) or Rule 60(b) on any other grounds. The Motion to Vacate Judgment (ECF No. 56) is denied.

## III.   MOTION FOR FINDINGS

Plaintiffs request that the Court "set forth specific facts supporting the Definition of Debt Collector which it applied to each Defendant to support its conclusion that none of the Defendants are Debt Collectors." (ECF No. 55 at 7). Plaintiffs further request that the Court "identify the facts supporting the Court's conclusion that James Bennett, TJLF, James Judge, and David Mangikyan are *State Court Losers* subject to *Rooker-Feldman* dismissal." (*Id.* at 7-8).

Rule 52(b) of the Federal Rules of Civil Procedure provides, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." Fed. R. Civ. P. 52(a)(3); *see Mitchell v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) ("[N]o findings are necessary in judgments on motions to dismiss."). The Court was not required to state findings or conclusions when it granted the Motions to Dismiss the SAC, and the Court has made all findings and conclusions necessary to resolve the Motion to Vacate Judgment. The Motion for Findings (ECF No. 55) is denied.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Findings (ECF No. 55) and the Motion to Vacate Judgment (ECF No. 56) are denied.

///

///

///

IT IS FURTHER ORDERED that the Motion to Exclude Evidence (ECF No. 57) is denied as moot.

Dated: May 10, 2021

Hon. William Q. Hayes
United States District Court